### PEOPLE *v.* WELSH.

SEARCHES AND SEIZURES—ADMISSIBILITY OF EVIDENCE—CROSS-EXAMINATION—MISCARRIAGE OF JUSTICE.

> Wide cross-examination by counsel for codefendant of witness as to documentary evidence suppressed as to defendant because illegally seized from him but admitted into evidence against a codefendant, in prosecution for robbery armed, *held*, error, but not reversible since it had not resulted in a miscarriage of justice (CL 1948, §§ 750.529, 769.26).

Appeal from Oakland; Kane (Edward T.), J, presiding. Submitted Division 2 June 2, 1966, at Lansing. (Docket No. 1,465.) Decided September 27, 1966. Leave to appeal denied by Supreme Court November 30, 1966. See 378 Mich 742.

REFERENCES FOR POINTS IN HEADNOTE
20 Am Jur, Evidence § 394 *et seq.*

Joseph J. Welsh was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Thomas G. Plunkett,* Chief Appellate Lawyer, for the people.

*Powell, Peres, Carr & Jacques* (*Leonard A. Peres,* of counsel), for defendant.

McGREGOR, J. The pertinent facts of this matter are set forth in the case of a codefendant, *People* v. *Loncar,* 4 Mich App 281, recently decided by this Court. This is a delayed appeal by defendant Welsh, claiming that the trial court committed numerous errors, the principal ones being: (a) refusal of the court to instruct the jury as to attempted armed robbery as an included offense; (b) denial of a timely motion by defendant to dismiss for failure of the people to call Police Officer Bentley as a *res gestae* witness; and (c) introduction into evidence of a slip of paper (people's exhibit #12) on which was written the combination to the victim's safe, in defendant Loncar's handwriting, found on defendant Welsh's person and suppressed as to defendant Welsh but used as to defendant Loncar over objection of counsel for both defendants. Defendant Welsh's demand for the return of this paper was rejected by the trial court. The court ruled that this slip of paper was taken from Welsh's person by an illegal search.

The first two alleged errors have been considered in the companion case of *People* v. *Loncar, supra,* and decided adversely to the contentions of defendant Welsh.

The use of people's exhibit #12, suppressed as to this defendant but admitted into evidence against

codefendant Loncar, presents a different question as to defendant Welsh. The trial court ruled that no reference would be permitted to the fact that this exhibit was found on defendant Welsh. The record discloses extensive cross-examination by Loncar's counsel of the police officer who testified that the numbers on the paper were the combination to victim Levy's safe. The court sustained defendant Welsh's objection to all questions asked of any witness that would impliedly or otherwise connect such exhibit with this defendant. However, the police officer was allowed to testify that he knew the source of the exhibit, that it was found at the police station and that it was not found in the possession of any of Welsh's accomplices. The scope of this examination was proper because of codefendant Loncar's right to attack the authenticity of this exhibit. The constitutional right of defendant Welsh was not impaired because no reasonable or logical inference was raised that it was taken from his person.

The objection to the use of people's exhibit #12 appears valid to us and our examination of the record convinces us that it was error to permit the wide cross-examination with regard thereto. However, in view of the provision of code of criminal procedure (CL 1948, § 769.26 [Stat Ann § 28.1096]) we are not convinced that a miscarriage of justice resulted.

All other alleged errors have been considered, and after a reading of the record, no reversible errors have been discovered.

Judgment affirmed.

Lesinski, C. J., and T. G. Kavanagh, J., concurred.