461 P.2d 168

The STATE of Arizona, Appellee,

v.

Ronald Lee HILL, Appellant.

No. 2 CA–CR 177.

Court of Appeals of Arizona.
Division 2.

Nov. 18, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Edgar M. Read, Tucson, for appellant.

KRUCKER, Chief Judge.

Defendant-appellant, Ronald Hill, was informed against for the crimes of burglary and petit theft. The jury returned a verdict of guilty on both counts, and judgment was entered thereon. Imposition of defendant's sentence for Count One was suspended for two years, and on Count Two, for six months, the two to run concurrently. Defendant appeals the judgments of conviction.

The sole issue raised by this appeal is whether there was an unreasonable search and seizure of which defendant can complain.

Construing the facts in a light most favorable to sustaining the verdict, they are as follows. A Mr. Nowell testified that, while enroute to lunch on November 1, 1967, he drove near Tyndall Avenue and Drachman Street in Tucson, where he noticed three Negro males. Two were suspiciously loitering around a parked Stingray Corvette and a third, the defendant, was inside and ducked down as Nowell drove by. Since he knew the car did not belong to them, when he rounded the corner and saw a police officer he reported what he had seen. Officer Sherwood testified he immediately rounded the corner and saw three Negro males, including defendant, proceeding on foot along the street. One, Pro Williams, had something concealed under his shirt and, after first denying its existence, produced a Munz stereo tape unit which subsequently was shown to have been taken from the Corvette

belonging to James Cabereno without his consent. All three were then immediately advised of their rights, questioned and released. Defendant was not the one carrying the tape, but did interject into the conversation that he had found the unit. The next day defendant was arrested at his residence.

Defendant maintains that he never said he had found the tape unit, but that Pro Williams had found it. He denies having had anything to do with a Corvette automobile.

Defendant breaks down his argument into four separate questions:

1. Was there a "search" or was the object in plain view?

2. Was the search incident to an arrest?

3. Was the search illegal?

4. Does the defendant have standing to challenge the search and seizure?

■ We believe initially that there was a search within the ambit of the Fourth Amendment. We do not believe that carrying something under one's shirt is any different than carrying a parcel or other wrapped item. The obvious intent is to conceal the identity of the item, and the Fourth Amendment is designed to protect such concealment. Here, it is especially true as defendant initially refused to reveal the item.

■ We also believe defendant has the requisite standing to challenge this search. The general rule is that only those whose rights have been infringed by a search may complain. 79 C.J.S. Searches and Seizures § 52. Courts have held that a defendant who was convicted on evidence retrieved from a co-defendant or partner in crime may be as equally aggrieved as his co-defendant. Here it is clear the search was directed at all three young men and it was only circumstance that put the tape in one's

possession rather than the others'. We believe defendant has standing. Wattenberg v. United States, 388 F.2d 853 (9th Cir. 1968); Plazola v. United States, 291 F.2d 56 (9th Cir. 1961); Hair v. United States, 110 U.S.App.D.C. 153, 289 F.2d 894 (1961); United States ex rel. Coffey v. Fay, 344 F.2d 625 (2d Cir. 1965) (items found on companion when both arrested on sidewalk gave standing to both to contest search); People v. Welsh, 4 Mich.App. 395, 144 N.W.2d 806 (1966) (slip of paper found on partner challengeable by both); United States v. Romano, 241 F.Supp. 933 (S.D. Maine 1965) (owner of premises as well as his co-defendants had standing to challenge search for a still); McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948).

■ We also believe that the search in question was legal and fell within the traditional framework of a search incident to an arrest. First, we point out that the inquiry of reasonableness under the Fourth Amendment can be assisted by determining whether probable cause to support an arrest existed at the time. State v. Cofhlin, 3 Ariz.App. 182, 412 P.2d 864 (1966); State v. Navallez, 10 Ariz.App. 135, 457 P.2d 297 (1969). We do not believe the officer's failure to make formal charges until the next day negates the inquiry.[1] *Cofhlin*, supra.

In the instant case, Mr. Nowell testified he told the officer he had seen three Negro males, two standing outside the car and one in it, and described the car. The officer testified he was told three Negro males had been seen tampering with a Corvette. He rushed around the corner, saw three men who fit the description, and questioned them about the bulge under one man's shirt. They relinquished the item, a stereo tape unit, and after further questioning, were permitted to depart. The trial court held that the detention in this instance was an

---

1. We point out that this is so because our Supreme Court has held that any restraint on liberty, however slight, constitutes an arrest. State v. Lopez, 96 Ariz.

169, 393 P.2d 263 (1964); Swetnam v. F. W. Woolworth Co., 83 Ariz. 189, 318 P.2d 364 (1957).

arrest, and the search incident thereto was reasonable.

We agree that there was probable cause to arrest defendants at the time of the search based on the above eye-witness report and that the search was reasonable.

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.