467 P.2d 943

**STATE of Arizona, Appellee,**

v.

**James Gordon SNYDER, Appellant.**

**No. 1 CA–CR 220.**

Court of Appeals of Arizona,
Division 1,
Department B.

April 20, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, and Thelton D. Beck, Yavapai County Atty., Prescott, for appellee.

Boyle & Brown, by Raymond W. Brown, Prescott, for appellant.

CAMERON, Judge.

An information was filed against the defendant, James Gordon Snyder, on 9 August 1968 charging the crime of possession of marijuana, in violation of A.R.S. § 36–1002.05, as amended. The defendant filed a timely motion to suppress evidence (the marijuana) which motion was denied. Trial was held on 1 October 1968 as a result of which defendant was convicted, adjudged guilty, and sentenced to the Arizona State Prison for a period of not less than two nor more than three years.

On appeal, Snyder assigns as error the order of the trial court denying his motion to suppress evidence. If the trial court erred in denying the motion, the conviction must be set aside.

The facts indicate that at approximately 2:30 p. m. on 17 July 1968, the part-time Chief of Police of the City of Jerome, Arizona, while driving to his full-time job at a cement plant in Clarkdale, spotted a Volkswagen bus parked off the road on the opposite side of the highway which leads to Prescott, Arizona.

Chief Marks observed "for a few seconds", a subject in the vehicle whom he thought looked like a man pictured on a Federal Bureau of Investigation wanted bulletin, a man named John Charles McClure. Marks then proceeded toward Clarkdale where, some 2,000 yards down the hill, he contacted 3 police officers in a police vehicle. He related to them the description of the possible wanted person he had just observed.

The three officers, based on the conversation with Chief Marks and with the wanted bulletin in their possession, proceeded to the location of the Volkswagen bus, parked behind the bus, and with guns drawn approached the defendant and his two companions.

The defendant, along with another person, was "pat searched" for any possible weapons. While no weapons were found, the police officer discovered three puncture type wounds in the bend of defendant's arm. During this same time, one of the other police officers discovered a small plastic tube containing a hypodermic syringe on the other person.

A call was made to Chief Marks advising him that the subjects were in custody. When Chief Marks arrived, a search of the Volkswagen was undertaken for the purpose of discovering any possible weapons. The defendant and his companions were then outside the vehicle and within the custody of the other officers. It was during this search that the marijuana was found.

Our Supreme Court has stated what is the general rule:

"To be lawful a warrantless arrest must be based upon 'probable cause'. The arresting officer must have probable cause to believe that a felony has been committed and that the person to be arrested committed it. A.R.S. § 13–1403. Probable cause exists where the arresting officers have reasonably trustworthy information of facts and circumstances which are sufficient in themselves to lead a reasonable man to believe that an offense is being or has been committed and the person to be arrested is committing or did commit it. Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L. Ed.2d 726; State v. Pederson, 102 Ariz. 60, 424 P.2d 810 (1967); State v. Vaughn, 104 Ariz. 240, 450 P.2d 698 (Feb. 20, 1969)." State v. Williams, 104 Ariz. 319, 321, 452 P.2d 112, 114 (1969).

The testimony of the Police Chief and one of his officers indicated that prior to the arrest they had studied the "wanted bulletin" and had thought that the person so wanted had been in Jerome recently. The Police Chief testified further that when he saw the defendant by the side of the road he believed the defendant to be the person described in the wanted

bulletin. The trial judge at the hearing on the motion to suppress stated:

"THE COURT: I think for the purposes of the record for whatever it is worth it seems to me there is sufficient resemblance between the Defendant and this picture here. I would be inclined to almost claim the reward from the front view; the eyes, nose, mouth and the bushy hair. I can see how a mistake can be made."

We believe that a wanted poster from an agency of the United States Government (the F.B.I.) is in itself sufficient to show probable cause to believe that a felony has been committed. We also feel that the facts in this case indicate there was probable cause to believe the defendant was the same man whose picture appeared in the wanted bulletin. We therefore hold that there was probable cause to arrest the defendant.

After the arrest and before the search of the vehicle, neither the defendant nor his companions controlled or had possession of the vehicle. While it is true that under certain circumstances—the danger that the vehicle may be moved from the vicinity or jurisdiction or that the evidence may be tampered with or destroyed—the vehicle may be searched without a search warrant, this does not mean that the police may dispense with a search warrant in every case. The facts in this case indicate that there was sufficient time to obtain a warrant and no overriding necessity to search the vehicle without a warrant has been shown. That the police officers might have obtained a search warrant before making the search is a fact the Court must consider in deciding whether to quash the fruits of an alleged illegal search. Our Supreme Court has recently stated:

"Although the facts of this case do not indicate that the search of defendants' vehicle was as remote in place from the location of the arrest as in the Preston case, the Preston rationale nevertheless compels a reversal here. At the time of the search, defendants were in custody and had been hauled away from the scene of the arrest. They no longer exercised any control over the vehicle. There was no danger that defendants might use a concealed weapon or destroy material evidence which might be in the car. The police officers could have obtained a warrant to search the automobile. Plainly, the search was too remote in time and place to be justified absent a warrant. In all situations, searches made incident to a lawful arrest are limited by the principle that police must, whenever practicable, obtain a judicial warrant authorizing the prospective search." State v. Madden, 105 Ariz. 383, 465 P.2d 363, 365, filed 20 February 1970.

The motion to suppress should have been granted.

Judgment reversed.

HAIRE, Acting P. J., and STEVENS, J., concur.