471 P.2d 744

**STATE of Arizona, Appellee,**

v.

*James Douglas VAUGHN, Appellant.*

**No. I CA–CR 250.**

Court of Appeals of Arizona,
Division 1.

June 24, 1970.

Rehearing Denied July 24, 1970.
Review Denied Oct. 6, 1970.

'Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Standage, Allen & Phelps, by Gove L. Allen, Mesa, for appellant.

HOWARD, Chief Judge.

The defendant was convicted of a violation of A.R.S. § 36–1002.05, Unlawful Possession of Marijuana. Defendant claims that the court erroneously denied his motion to suppress evidence.

The facts considered in the light most favorable to uphold the decision of the trial court are as follows. On April 4, 1969, in Mesa, Arizona, Harvey Miller, a 15 year old newspaper boy, while on his way home from his newspaper route at approximately 8:30 p. m., was accosted by two youths who robbed him of between four to five dollars. Two City of Mesa patrolmen, Officers Foster and Madaras, interviewed the victim who told the officers that the boys who robbed him were driving a light blue automobile which had some hippy-type flowers on the top and at the rear on the right side. He told the officers he thought the automobile was a Ford and described the tail light assembly. From this description, the officers concluded that the automobile was either a 1955 or 1956 Ford. The victim also described the boys as being fairly tall; that one of them had dark hair and the other light brown hair; that one was wearing a dark T-shirt and the other one was wearing a type of western shirt, Levis and boots; that one of the boys appeared to be about six feet tall and the other one about 5' 10"; that they were two Caucasians in their teens, approximately 17 or 18 years of age. The victim also told Officer Madaras that he thought that some of the sales tickets that he gave his customers had been taken by the boys.

Approximately thirty minutes after the robbery the officers spotted the defendant and a companion driving in a light blue 1956 Ford with hippy flowers on the roof, right side and rear deck. Because they believed the car and the occupants matched the description given to them by the victim, the police officers turned on the red light on their police unit and pulled the defendant's vehicle over to the side of the road. Officer Madaras went to the driver's side of the automobile and asked the defendant for his driver's license and Officer Foster went to the other side of the vehicle. The boys were asked to get out of the vehicle. The attire of the boys did not exactly match the description given by the victim in that neither boy had on cowboy boots. After field interrogation, cards were filled out. Officer Madaras asked the defendant if he could look in his vehicle. The defendant replied that he could. As a result of

Madaras' search of the car, he found two marijuana cigarettes. Upon finding the cigarettes the defendant was given a *Miranda* warning.

The motion to suppress was denied by the trial judge on the grounds that the search was incident to a lawful arrest and also on the grounds that there was consent.

The briefs of both parties on appeal concerned themselves solely with the question of whether or not there was a valid consent given to the search. We do not have to arrive at that question for, as will be seen, we believe that the facts show a search incident to a lawful arrest.

■■ Reasonableness under the Fourth Amendment can be assisted by determining whether probable cause to support an arrest existed at the time. State v. Hill, 10 Ariz.App. 599, 461 P.2d 168 (1969). The officers pulled defendant's car over to the side of the road by means of a flashing red light. Officer Madaras testified that defendant was free to leave the automobile but he was not free to leave his presence. The defendant was under "arrest." State v. Hill, supra. The lawfulness of an arrest without a warrant must be based upon probable cause. Probable cause exists when the facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, is sufficient in itself to warrant that a man of reasonable caution and prudence to conclude that a crime has been or is being committed. State v. Pederson, 102 Ariz. 60, 424 P.2d 810 (1967); State v. Williams, 104 Ariz. 319, 452 P.2d 112 (1969) Probable cause is something less than proof needed to convict and something more than a raw unsupported suspicion. It is a suspicion or belief of guilt that is "well-grounded." The emphasis is upon a practical realistic view of law enforcement, in recognition of the primacy of the individual's right to be safe from attack. State v. Carter, 54 N.J. 436, 255 A.2d 746 (1969). The rule of probable cause is a practical nontechnical conception designed to afford the best compromise that has been

found for accommodating often opposing interests. To require more would unduly hamper law enforcement. To allow less would be to leave law-abiding citizens at the mercy of the officers' whim or caprice. Beck v. State of Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142, 145 (1964).

■ The defendant takes great solace in the fact that the officers testified at the motion to suppress that they did not think they had grounds to arrest the defendant until they found the marijuana in the automobile. Reliance on this theory is misplaced. The standard of probable cause is not a subjective standard but an objective one. State v. Pederson, supra; State v. Pine, 8 Ariz.App. 430, 446 P.2d 940 (1968); State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969). In Klingler v. United States, 409 F.2d 299 at 304 (8th Cir. 1969), the court stated:

"Because probable cause for an arrest is determined by objective facts, it is immaterial that Kisecker, at the hearing on the motion to suppress, testified that he did not think he had 'enough facts' upon which to arrest Klingler for armed robbery. His subjective opinion is not material. See, Terry v. State of Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)."

■ We believe that the facts in this case indicate that there was probable cause for an arrest. State v. Bradley, 99 Ariz. 328, 409 P.2d 35 (1965); United States ex. rel. Williams v. LaVallee, 415 F.2d 643 (2d Cir. 1969); Pebworth v. State of Louisiana, 303 F.Supp. 377 (1969); State v. Murray, 445 S.W.2d 296 (Mo.1969); Raynor v. State, 447 S.W.2d 391 (Tenn.1969); State v. Everitt, 80 N.M. 41, 450 P.2d 927 (1969); State v. Herrington, 41 Wis.2d 757, 165 N.W.2d 120 (1969); People v. Prather, 268 Cal.App.2d 748, 74 Cal.Rptr. 82 (1969).

■■ The fact that the search revealed another crime and evidence of another crime does not affect the right of law enforcement officers to seize such items. It is proper for law enforcement officers to seize items which are the fruits of a crime,.

even though the basis of the search was for another reason, if that basis was not just a pretext for the search. Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); State v. Tellez, 6 Ariz.App. 251, 431 P.2d 691 (1967).[1]

Defendant further asserts that the arrest was illegal because prior to the search the police failed to advise the defendant as to why he was arrested. A.R.S. § 13–1408 provides:

"When making an arrest without a warrant, the officer shall inform the person to be arrested of his authority and the cause of the arrest, unless the person to be arrested is then engaged in the commission of an offense, or is pursued immediately after its commission or after an escape, or flees or forcibly resists before the officer has opportunity to so inform him, or when the giving of such information will imperil the arrest."

As authority for this proposition, appellant cites Clay v. State, 184 So.2d 403 (Miss.1966) and People v. Superior Court of Merced County, 264 Cal.App.2d 165, 70 Cal.Rptr. 362 (1968). Both cases involved statutes similar to our A.R.S. § 13–1408. In *Clay* the court did not declare that failure to comply with the statute automatically barred the fruits of a search. On the contrary, the court merely held that the failure to comply made out a prima facie case of illegal detention and arrest and the burden of proof then shifts to the State to prove probable cause for the making of the charge.

In People v. Superior Court of Merced County, supra, the proposition urged by the appellant appears to be answered in his favor. However, close reading of the case reveals that the statements of the case are mere dicta. Furthermore, the authorities cited by the court in support of their conclusion are not, in fact, to any degree in point.

We do not agree with either of the foregoing cases, but instead agree with the court in Little v. Commonwealth, 438 S.W.2d 527 (Ky.1968),[2] wherein the court held that a violation of the statute is no basis for excluding evidence. The rule set forth in A.R.S. § 13–1408 originally appeared in the 1939 Code. We do not believe that the legislature, when passing it, envisioned the term "arrest" in the concept of "restraint on liberty, however slight," but instead was thinking in terms of a formal arrest. For these reasons we hold that the officers did not violate A.R.S. § 13–1408.

The judgment is affirmed.[3]

HATHAWAY and KRUCKER, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

1. This case was tried prior to the decision of the United States Supreme Court in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). We have previously held that the *Chimel* case is not retroactive. State v. Bustamante, 11 Ariz.App. 129, 462 P.2d 822 (1969). See Reed, "Warrantless Searches in Light of Chimel: A Return to the Original Understanding," Vol. II, No. 3, Arizona Law Review, p. 457 et seq., an excellent article on search and seizure.

The pre-*Chimel* requirement of Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964) is that the search of an automobile must not be remote in time or place from arrest. Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest. The case sub judice satisfies *Preston*.

2. "KRS 431.025(1) provides that: 'The person making an arrest shall inform the person about to be arrested of the intention to arrest him, and of the offense for which he is being arrested.'"

3. The case at bench is distinguishable from State v. Madden, 105 Ariz. 383, 465 P.2d 363 (1970). In *Madden* the defendants had already been taken away in a police car when the search took place. We are also aware of the decision of Division One, Court of Appeals, in State v. Snyder, 12 Ariz.App. 103, 467 P.2d 943 (April 20, 1970).