513 P.2d 686

**The STATE of Arizona, Appellee,**

v.

**James J. WILLIAMSON, Appellant.**

**No. 2 CA–CR 329.**

Court of Appeals of Arizona,
Division 2.

Sept. 4, 1973.

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Tucson, and Frank Leto, Certified Third Year Law Student under Rule 28(e), for appellee.

James J. Williamson, in pro per.

KRUCKER, Judge.

This is an appeal from a conviction for grand theft. The pertinent facts are as follows. In June, 1971, acting upon an anonymous tip (the contents of which are not set out in the record), United States Customs Agent Sphor went to the Howard Johnson's Motor Lodge at 1025 East Benson Highway, Tucson, to verify the information with the manager. From him Sphor learned that the defendant and another man, driving a car with out-of-state

plates, had registered at the motel and placed $15,000 to $16,000 in the motel safe.

Agent Sphor and officers from the Arizona Department of Public Safety began surveillance of the defendant. The next day Sphor and the others observed the defendant leaving the motel with a known narcotics dealer, Mario Madio, in the latter's car, and upon returning, shake hands in "a friendly manner". In the evening of the same day, defendant was seen following Madio's car from the hotel and returning two hours later, around midnight, followed by Madio in his car. For that two-hour period the surveillance team lost track of the suspects.

The next morning Agent Sphor was informed by the motel manager that defendant was checking out of the motel that day. Approximately ten minutes later, Sphor observed defendant and his companion get into their automobile. As defendant drove under the canopy in front of the motel Sphor stepped up to the car, identified himself by displaying his badge and stated he was a United States Customs Agent. He told defendant he wanted to look in the trunk. Four or five other officers were surrounding defendant's car within a perimeter of 10 to 15 feet and the exit was blocked by a vehicle across the path of defendant's car. Immediately after Sphor spoke, defendant got out of his car and stated, "All you've got me for is the T.V." In the trunk the officers found a J.V.C. television subsequently identified as one leased by the Howard Johnson's Motel from T.V. Lease.

Defendant was charged with theft of the television set. He moved to suppress his statement and the television, but after a hearing, the motion was denied.

Defendant now contends that the trial court erred in denying his motion to suppress because the initial stop of his car and the subsequent warrantless search of the trunk were unreasonable, in violation of his Fourth Amendment rights.

■ The automobile occupies a different position in the law of search and seizure from that of buildings. State v. Gerry, 15 Ariz.App. 441, 489 P.2d 288 (1971). The rationale behind this distinction is that it is often not practicable to obtain a warrant to search an automobile because a vehicle can be quickly moved out of the locality. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); State v. Baca, 1 Ariz.App. 16, 398 P.2d 924 (1965). Thus exigent circumstances justify the warrantless search of an automobile where there is probable cause to believe the car contains something the officers have a right to seize. Chambers v. Maroney, supra; State v. Lawson, 107 Ariz. 603, 491 P.2d 457 (1971).

■ Probable cause for the search existed in the instant case at the point when defendant checked out of the motel and began driving off in his car. From the facts obtained during the surveillance it was reasonable for the officers to believe that narcotics they thought defendant had purchased were in the automobile. A warrantless search under the circumstances was, therefore, justified.

Since probable cause existed at the time the officers stopped defendant's vehicle, we need not consider whether there was a justifiable investigative stop or the voluntariness of defendant's statement concerning the television.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.