531 P.2d 1149

**The STATE of Arizona, Appellee,**

v.

**Frank Madueno BALLESTEROS, Appellant.**

**No. 2 CA–CR 430.**

Court of Appeals of Arizona,
Division 2.

Feb. 20, 1975.

**212**

Bruce E. Babbitt, Atty. Gen., N. Warner Lee, Former Atty. Gen., by Georgia C. Butcher, Asst. Atty. Gen., Phoenix, for appellee.

William F. Olson, Bisbee, for appellant.

## OPINION

KRUCKER, Judge.

Defendant, Frank Madueno Ballesteros, was convicted of possession of marijuana for sale and transportation of marijuana. He was sentenced on each count to the Arizona State Prison for a period of not less than five nor more than seven years, said sentences to run concurrently. Defendant has appealed, asserting two grounds for reversal.

Appellant first alleges that the "tip" which eventually led to his arrest did not particularly describe him, and, secondly, the "tip" was not reliable enough to be used as a basis of probable cause to make a search.

On or about May 27, 1974, Officer Jerry Manzanores of the Bisbee Police Department relayed information he had received from an unidentified confidential informant to Deputy Bill Cloud, who, in turn, relayed the information to Deputy Gonzales, that one of the Ballesteros from Naco was going to run a loan of marijuana to Tucson some time in the near future. Gonzales subsequently saw appellant driving north on the Naco highway and noticed that the trunk of the car appeared to be weighted down. He proceeded to stop appellant and asked him to open the trunk. Appellant opened the trunk about six or twelve inches and then shut it abruptly. Gonzales noticed the odor of marijuana when the trunk was opened, ordered appellant to open it again, and found marijuana in the trunk. He then placed appellant under arrest.

■ Appellant's first contention is that the "tip" received by Deputy Gonzales as to "one of the Ballesteros" did not particularly describe *him* as required by the Fourth Amendment and therefore could not be a basis for probable cause to arrest. He also claims that the "tip" could not serve as a basis for probable cause to arrest because the two-pronged test set out in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), had not been met. *Aguilar* requires that when information received from a confidential informant serves as the sole basis for seeking an arrest warrant, the officer must show not only the underlying circumstances from which the informant concluded there were facts justifying arrest, but also some of the underlying circumstances from which the officer concluded the informant was credible and his information reliable. According to appellant, the officer's testimony at trial failed to show sufficient underlying circumstances and therefore, under the *Aguilar* test, the officer's position that probable cause existed to stop him is untenable.

The problem with appellant's argument is that he fails to take into consideration the fact that the informant's "tip" was not the sole basis either for his arrest or for the search of his car. When Officer Gonzales stopped appellant, he was not arresting him but merely making an investigatory stop for which he did not need probable cause to make an arrest. The distinction between an investigation and an arrest is made in State v. Gunter, 100 Ariz. 356, 414 P.2d 734 (1966):

"While it is often difficult to draw the line between investigation on the one hand and an arrest on the other, it will not suffice for an accused to contend that merely because investigation may lead to arrest the courts must surround investigations with the same requisites necessary for the arrest. Circumstances short of probable cause to make an arrest may still justify an investigation.

Should the investigation then reveal probable cause to make an arrest, the officer may make an arrest and conduct a reasonable search incidental thereto. It strikes a balance between the individual interest in immunity from police interference and the community's interest in law enforcement. It wards off pressure to equate reasonable cause to investigate with reasonable cause to arrest, thus protecting the innocent from the risk of arrest when no more than reasonable investigation is justified." 100 Ariz. at 361, 414 P.2d at 737.

*See also*, State v. Taras, 19 Ariz.App. 7, 504 P.2d 548 (1973), and State v. Baltier, 17 Ariz.App. 441, 498 P.2d 515 (1972).

■ Deputy Gonzales had been informed that "one of the Ballesteros" would make a run with some marijuana. He then saw appellant, Frank Madueno Ballesteros, heading north on the Naco highway. He testified that "the bumper of the rear vehicle appeared real low indicating there was a load in the trunk of the vehicle." Although these facts alone may not have justified an arrest, they certainly were sufficient to form a rational suspicion by the officer justifying an investigatory stop. State v. Baltier, supra.

Whether or not the subsequent arrest was based on probable cause depends on whether or not the investigatory stop led him to reliable and material information which constituted probable cause to make an arrest. Here, this depends on whether the opening of the trunk by appellant was done voluntarily or involuntarily. He claims he did not consent and only agreed to do so because he thought he was under arrest. We agree with appellee, however, that upon consideration of the record as a whole, appellant's consent was voluntarily given.

The United States Supreme Court recently discussed the standards for determining whether consent is voluntary in such a situation. Schneckloth v. Busta-

monte, 412 U.S. 218, 93 S.Ct. 2041, 36 L. Ed.2d 854 (1973). The Court stated:

" . . . when the subject of a search is not in custody and the State attempts to justify a search on the basis of his consent, the Fourth and Fourteenth Amendments require that it demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent." 412 U.S. at 248, 93 S.Ct. at 2059, 36 L.Ed.2d at 875.

■ Although the burden of proof is on the State to establish by clear and positive testimony that consent was freely and intelligently given, Judd v. United States, 89 U.S.App.D.C. 64, 190 F.2d 649 (1951), the evidence on appeal must be viewed in a light most favorable to the verdict. In State v. King, 44 N.J. 346, 209 A.2d 110 (1965), the court set forth factors to be considered on the issue of consent:

"Among those factors which courts have considered as tending to show that the consent was coerced are: (1) that consent was made by an individual already arrested, [citation omitted] (2) that consent was obtained despite a denial of guilt, [citations omitted] (3) that consent was obtained only after the accused had refused initial requests for consent to search, [citation omitted] (4) that consent was given where the subsequent search resulted in a seizure of contraband which the accused must have known would be discovered, [citations omitted] (5) that consent was given while the defendant was handcuffed, [citations omitted].

Among those factors which courts have considered as tending to show the voluntariness of the consent are: (1) that consent was given where the accused had reason to believe that the police would find no contraband, [citations omitted] (2) that the defendant admitted his guilt before consent, [citations omitted] (3) that the defendant affirmatively assisted the police officers, [citations omitted]. 209 A.2d at 113–114.

■ Applying the foregoing rationale, the evidence supports the appellee's contention that the search was made with appellant's consent. Appellant had not been placed in custody, his consent was not obtained despite a denial of guilt, he had not refused initial requests for consent to search, and he was not handcuffed at the time of the consent. In spite of the fact that the search resulted in a seizure of contraband which the accused must have known would be discovered, the particular circumstances of this case make this factor an indication of voluntariness rather than involuntariness. When Officer Gonzales asked him to open the trunk, appellant, who was standing near the rear end of the car, got the keys from the car and opened the trunk about six to twelve inches before slamming it shut. It appears that appellant thought he could outsmart the officer by opening the trunk slightly and then shutting it again before the officer had a chance to see the marijuana. This would indicate voluntariness as would the fact that appellant affirmatively assisted the officer in opening the trunk by getting the keys. His testimony also supports voluntariness:

"Q. And then what happened?

A. Then he told me to open up the trunk, so I did. I went up and got the keys and opened the trunk.

Q. How did he ask you to open up the trunk?

A. He said, 'Would you mind opening up that trunk?' I said, 'No.' "

At the time of this conversation, Officer Gonzales had not placed appellant under

arrest nor was anything said or done from which he could reasonably have inferred he was under arrest. The officer's testimony, the short duration of the stop, and the fact that no threats or promises were made to induce appellant to consent are all factors which support voluntariness. When the totality of the circumstances are considered, it is reasonable to conclude, as did the trial court, that appellant's consent was voluntary.

■ Although the trunk was only opened slightly, Officer Gonzales smelled the odor of marijuana. At this point he ordered appellant to re-open the trunk. Once the officer smelled the marijuana during the first voluntary opening of the trunk, probable cause developed for a further search. State v. McGuire, 13 Ariz. App. 539, 479 P.2d 187 (1971).

■ We have consistently held that the law of search and seizure is different as it applies to cars vis a vis buildings. State v. Williamson, 20 Ariz.App. 397, 513 P.2d 686 (1973); State v. Gerry, 15 Ariz.App. 441, 489 P.2d 288 (1971). As stated in Williamson, supra:

"The rationale behind this distinction is that it is often not practicable to obtain a warrant to search an automobile because a vehicle can be quickly moved out of the locality. [Citations omitted] Thus exigent circumstances justify the warrantless search of an automobile where there is probable cause to believe the car contains something the officers have a right to seize." 20 Ariz.App. at 398, 513 P.2d at 687.

The circumstances justified an investigatory stop by Officer Gonzales and the information acquired in the course of his investigation gave him probable cause to search appellant's automobile.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.