534 P.2d 302

The STATE of Arizona, Appellant,

v.

Nehmo A. SERGHEYEV, Russell J. Nesselt, and Giselle L. Ruesga, Appellees.

No. 2 CA–CR 484.

Court of Appeals of Arizona, Division 2.

April 17, 1975.

Rehearing Denied June 4, 1975.
See 536 P.2d 1081.

Review Denied Oct. 7, 1975.

Dennis DeConcini, Pima County Atty. by Franklin O. Eldridge, Deputy County Atty., Tucson, for appellant.

Donau, Bolt, Hickle & Whitley by Dwight M. Whitley, Jr., Tucson, for appellee Sergheyev.

David M. Waterman, Tucson, for appellee Nesselt.

John M. Neis, Pima County Public Defender by Norman R. Freeman, Asst. Public Defender, Tucson, for appellee Ruesga.

OPINION

HOWARD, Chief Judge.

Appellees were indicted for theft of a motor vehicle. The State appeals from an order granting appellees' motion to suppress.

On the evening of July 24, 1974, Detective Charles Milne of the Tucson Police Department was on duty along Highway 89 in Amado, Arizona, which leads to the Mexican border. He was deployed as part of an auto theft task force. At approximately 11:00 p. m. Milne observed a late model white over green one-half ton pickup truck traveling southbound on Highway 89. According to his testimony he observed that the truck did not have a rear license plate and was being followed very closely by a faded red Datsun. Since the pickup matched an "auto theft profile" being utilized by the local, state and federal officers who were involved in the task force, Milne radioed to other members of the task force a description of the truck and the fact that it was being followed closely by the Datsun. Milne did not recall whether he included in the radio transmission the fact that the pickup truck did not have a rear license plate.

Officer James Giles of the Arizona Department of Public Safety and Inspector

Howard E. Weaver of the Arizona Motor Vehicle Division were on patrol together further south on Highway 89. Officer Giles remembered that Det. Milne's radio communication contained some mention about the truck not having a rear license plate on it and that another vehicle was following it very closely. While proceeding northbound on the Nogales Highway, Officer Giles and Inspector Weaver observed headlights coming towards them, and, as the vehicles passed, Giles and Weaver recognized them as the vehicles which were the subject of radio transmission. Both testified that they observed that the pickup truck had no rear license plate. Giles turned his vehicle around, pursued the pickup and Datsun and attempted to stop both vehicles by pulling in between them. The pickup pulled to the side of the road but the Datsun pulled around the officer's vehicle and continued down Highway 89. The Datsun was never stopped by law enforcement agents.

Appellee Sergheyev exited from the pickup and displayed his driver's license, but was not able to produce a registration for the vehicle. Inspector Weaver observed that the front license plate on the pickup was for a passenger car. A check of passenger plates revealed that it was registered to the red Datsun. Further investigation revealed that the pickup was a stolen vehicle.

Appellees, contending that the stop of the vehicle was unlawful, moved to suppress all evidence obtained as a result of the stop of the vehicle.

It is appellees' contention that the stop of the pickup truck was a pretext stop initiated only for the purpose of discovering whether it was stolen; that the testimony of Officer Milne concerning his observation of lack of a rear license plate is not believable since he did not state that fact in his police report; and that Officer Giles and Inspector Weaver were not telling the truth since it was physically impossible for them to observe the absence of a license plate when the pickup truck passed them on the highway. Appellees further argue that the "stolen vehicle profile" cannot be used as a basis for stopping a vehicle on the highway and that there was no probable cause to believe that the pickup truck was stolen.

■ We are unable to find anything in the record that demonstrates that the testimony of the officers is not worthy of belief. Assuming arguendo, that there was initially no probable cause for the stop; that Officer Milne did not observe lack of a rear license plate; and that Officer Giles and Inspector Weaver did not initially observe the lack of a rear license plate when the cars passed them on the highway, the evidence is clear that in attempting to stop the Datsun and pick up Officer Giles and Inspector Weaver had an ample opportunity to observe the lack of a rear license plate.

A.R.S. § 28-309 provides that the license plates assigned to a vehicle such as the pickup truck in question shall be attached in the front and the rear of the vehicle and A.R.S. § 28-181 makes it a misdemeanor to fail to so display them.

We are not faced in this case with a pretext search exemplified by such cases as Costello v. United States, 298 F.2d 99 (9th Cir. 1962); Taglavore v. United States, 291 F.2d 262 (9th Cir. 1961) and People v. Sapp, 43 Misc.2d 81, 249 N.Y.S.2d 1020 (1964), where minor traffic violations were used as a pretext to justify a search for the instrumentalities of some unrelated crimes. Nor are we faced with the situation which existed in State v. Miller, 108 Ariz. 303, 497 P.2d 516 (1972) where the officers made an initial arrest for the minor offense of vagrancy as a pretext to make a search for evidence of a more serious offense.

■ In the case at bench there was no search. Nor was there any seizure until the status of the automobile was confirmed. At the time of the seizure of the automobile there was certainly probable cause to make an arrest.

Reversed.

HATHAWAY and KRUCKER, JJ., concur.