536 P.2d 1081

**The STATE of Arizona, Appellant,**

v.

**Nehmo A. SERGHEYEV, Russell J. Nesselt, and Giselle L. Ruesga, Appellees.**

**No. 2 CA–CR 484.**

Court of Appeals of Arizona, Division 2.

June 4, 1975.

Rehearing Denied July 14, 1975.

---

**190**

Dennis DeConcini, Pima County Atty. by Franklin O. Eldridge, Deputy County Atty., Tucson, for appellant.

Donau, Bolt, Hickle & Whitley by Dwight M. Whitley, Tucson, for appellee Sergheyev.

David M. Waterman, Tucson, for appellee Nesselt.

John M. Neis, Pima County Public Defender by Norman R. Freeman, Asst. Public Defender, Tucson, for appellee Ruesga.

## ON MOTION FOR REHEARING

HOWARD, Chief Judge.

Appellees have filed a contemptuous and scurrilous motion for rehearing and have in conjunction therewith filed a motion to modify the record asking us to allow them to file attached "Finding of Facts".

After the filing of our opinion in this case the Public Defender had the trial court make the following "Finding of Facts":

"1. Officer Milne did not observe the lack of a rear license plate on the pick-up prior to making the radio broadcast to Officer Giles.

2. Neither Officer Giles nor Inspector Weaver observed the missing rear license plate *prior to making the decision to stop defendant's pick-up.*

3. After observing the demeanor of the witnesses testifying on behalf of the State, the Court concluded that the State, failed to prove by a preponderance of credible evidence that the stop was based upon the fact that the pick-up was missing a rear license plate and not upon the 'stolen vehicle profile.'" (Emphasis added)

We first note that the trial court was without jurisdiction to make its so-called "Finding of Facts" since jurisdiction is lost when an appeal is perfected except as to those matters which are in furtherance of the appeal. For that reason we denied the Motion to Modify the Record.

In any event, the "Finding of Facts" solicited from the trial court does nothing to improve appellees' position. It

is their contention that since Giles and Weaver decided to stop the pick-up prior to seeing it, anything that happened thereafter is without consequence. This contention is without merit. The fallacy of this position can be best illustrated by the following example: Officer Eager decides that he is going to arrest Joe Green as soon as he sees him. Officer Eager has no grounds to arrest Joe Green and does not know whether or not he has committed any crime. Officer Eager sees Joe Green walking down the street. He observes him point a pistol at a passerby and shoot him. Under appellees' theory Eager could not arrest Joe Green because Officer Eager's original decision to arrest Joe Green whenever he saw him was not based upon probable cause nor any reasonable suspicion of criminal activity; therefore it was "Kings X" and no one could be tagged. Such reasoning is without logic. Further-

more, it is undisputed, and not contradicted by the trial court's so-called "Finding of Facts" that Officer Giles and Inspector Weaver observed the missing rear license plate. The standard of probable cause is not a subjective standard but an objective one. State v. Vaughn, 12 Ariz.App. 442, 471 P.2d 744 (1970). Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to warrant a man of reasonable caution and prudence to conclude that a crime has been or is being committed. State v. Vaughn, supra.

The facts in this case conclusively show there was probable cause to arrest appellee Sergheyev because of the lack of a rear license plate. The motion for rehearing is denied.

HATHAWAY and KRUCKER, JJ., concur.