701 P.2d 597

The STATE of Arizona, Appellee,

v.

Roy Raul SANCHEZ, Appellant.

No. 2 CA–CR 3513–2.

Court of Appeals of Arizona,
Division 2.

Jan. 16, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Gary A. Fadell, Phoenix, for appellee.

Robertson & Villarreal, Ltd. by Michael A. Villarreal, Florence, for appellant.

## OPINION

HOWARD, Judge.

Appellant, convicted by a jury of escape in the third degree, a class 6 non-dangerous felony, with one prior conviction, was sentenced to a prison term of 2.25 years. The determinative issue in this case is whether appellant was in constructive restraint when he "escaped." We conclude that he was not, and reverse.

At 10:30 p.m. on June 3, 1983, Officer John Ellsworth, a police officer for the City of Casa Grande, was in a police unit parked at a McDonald's Restaurant in Casa Grande, watching traffic, when he observed a 1963 Chevrolet automobile turn into the restaurant's drive-through service. He observed appellant, whom he knew, seated in the front passenger seat. When the officer made eye contact with appellant, appellant appeared to duck away from him, arousing the officer's suspicions. Ellsworth called on the police radio and asked the dispatcher if there were any outstanding warrants on appellant. By the time he received information that there was an outstanding misdemeanor warrant for appellant, the Chevrolet was leaving. Ellsworth followed it and radioed for additional help. The Chevrolet pulled into the parking lot of another fast food restaurant, followed by Ellsworth, who then put on his flashing red lights. The Chevrolet came to

a stop, but before Officer Ellsworth could get out of his car, appellant got out of the Chevrolet and walked over to another occupied vehicle and began speaking to its driver. Ellsworth went over to speak to the driver of the Chevrolet. Ellsworth, stalling for time until another police unit arrived, spoke with the Chevrolet's driver and kept an eye on appellant. When it appeared that appellant was going to get into the other car, Officer Ellsworth started walking towards him. Ellsworth said, "Roy, come here. I need to talk to you." Appellant walked around the rear of the second automobile and, as Officer Ellsworth approached, appellant then went to the front of the automobile. When Ellsworth headed toward the front of the car, appellant then went to the rear. This waltz continued for a while until Ellsworth said, "This is it, Roy; you're under arrest." At this time Ellsworth was 10 to 15 feet from appellant, who then took off running. Appellant was later caught by another officer.

A.R.S. § 13–2502 provides that a person is guilty of escape in the third degree "if, having been arrested for, charged with or found guilty of a misdemeanor or petty offense, such person knowingly escapes from custody."

The word "custody" is defined in relation to escape offenses in A.R.S. § 13–2501(3) as follows:

> " 'Custody' means the imposition of actual or constructive restraint pursuant to an on-site arrest...."

Appellant was never in the actual control of Officer Ellsworth. Was he in constructive restraint when the officer announced that he was under arrest?

Constructive restraint exists when an officer has the intention to effect an arrest, that intention has in some way been communicated to the arrestee, the arrestee understands that he is under legal restraint and the officer has the apparent power to control the person even though he has not yet asserted physical control. *State v. White*, 209 Neb. 218, 306 N.W.2d 906 (1981); *Bey v. State*, 355 So.2d 850 (Fla.App.1978); and see *State v. Vaughn*,

12 Ariz.App. 442, 471 P.2d 744 (1970). The facts here should be compared with those in *State v. White*, supra. There, the police officer was standing in front of the defendant when he announced to the defendant that he was under arrest. The court there observed that physical proximity was such that the officer could have exerted physical control if he had chosen to do so. The facts here show that Ellsworth never had power to control appellant even if he wanted to. He was trying to do so when they were waltzing around the car but was never close enough.

The trial court erred when it denied appellant's motion for acquittal under Rule 20(a), Rules of Criminal Procedure, 17 A.R.S. The case is reversed and the trial court is ordered to enter a judgment of acquittal.

BIRDSALL, C.J., and HATHAWAY, J., concur.