625 P.2d 895

**STATE of Arizona, Appellee,**

v.

**Joseph CARBAJAL, Jr., Appellant.**

No. 4868.

Supreme Court of Arizona,
In Banc.

March 5, 1981.
Rehearing Denied April 7, 1981.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, Georgia B. Ellexson, Gary A. Fadell, Asst. Attys. Gen., Phoenix, for appellee.

Michael R. Morrison and Robert Morrison, Sierra Vista, for appellant.

HOLOHAN, Vice Chief Justice.

The defendant, Joseph Carbajal, Jr., was convicted of possession and transportation of marijuana, controlling property of another over $1,000.00, kidnapping, assault while in custody and attempted second degree escape. The trial court imposed a sentence on each conviction including a sentence of life imprisonment on the conviction of assault while in custody. The defendant filed a timely appeal.

The facts are that on July 3, 1979, the Bisbee Police Department received information from the Federal Port of Entry regarding a stolen vehicle and fictitious license plates. That day, while on patrol, Sgt. Jess Holly stopped a vehicle meeting the description. Sgt. Holly approached the vehicle and asked the driver for his driver's license and vehicle registration. Joseph Carbajal was driving the vehicle and he responded that he did not possess a driver's license and that the vehicle belonged to his uncle. Following this, Carbajal was asked to step out of the vehicle whereupon he was advised of his *Miranda* rights.

After being read his *Miranda* rights, Carbajal walked to the rear of the vehicle stating that you probably want to see this. He opened the trunk exposing 12 plastic containers which had marijuana plants in them. Carbajal was then arrested for the possession and transportation of marijuana.

During the booking procedure at the city jail, Carbajal attempted to escape by running out the front door of the police station. He was apprehended after he had gone only a short distance. The next day, while incarcerated at the Cochise County Jail, Carbajal once more attempted to escape. Again, the attempt was unsuccessful.

On appeal, the appellant raises several issues for our review. However, due to our resolution on the issue of the trial court's instruction on the permissible use of the prior convictions of a witness, we need not answer each issue.

The first issue on appeal is whether the trial court erred in permitting the marijuana seized from the trunk of appellant's vehicle to be introduced into evidence. Appellant argues that we should reverse the trial court's determination on the basis that it is "highly unlikely" that he voluntarily opened the trunk to his vehicle. He submits that in reality he did not voluntarily open the trunk to his vehicle and since there existed no probable cause to suspect an illegal substance to be in the trunk, the search amounted to a violation of the Fourth Amendment to the U. S. Constitution, which prohibits unreasonable searches.

The record shows that prior to trial, appellant moved to suppress the seizure of the evidence found in the trunk. At the Motion to Suppress hearing, Officer Holly stated that the appellant voluntarily opened the trunk to the vehicle without any request by the officer. The officer testified that the

defendant claimed that he and his uncle had found the plants while hunting. Based upon this testimony and the evidence presented, the trial court made a finding that the appellant voluntarily opened the trunk.

On review, the appellate court is to view the evidence in the light most favorable to upholding the ruling below. *State v. Wilkerson*, 117 Ariz. 143, 571 P.2d 289 (App. 1977); *State v. Ballesteros*, 23 Ariz.App. 211, 531 P.2d 1149 (1975). There was conflicting testimony as to how the trunk of the vehicle was opened, but the trial court's ruling will not be disturbed where there is substantial evidence to support it. *See State v. Macumber*, 112 Ariz. 569, 544 P.2d 1084 (1976), *cert. denied*, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978). There was no error in permitting the marijuana to be introduced in evidence.

Next, appellant contends that since he was not charged with any offense relating to the manner in which he obtained the marijuana, and since under direct examination he admitted to possession of marijuana, the questioning relating to where he obtained it was irrelevant and could only have served to mislead and confuse the jury. The record does reveal that during the course of the trial, the state questioned the appellant as to where he obtained the marijuana. Specifically, the record shows that the trial judge allowed a very limited amount of cross-examination to touch on the subject of where the appellant obtained the marijuana.

In Arizona, wide latitude is allowed during cross-examination and it is left up to the trial judge's discretion as to the limits of cross-examination. *State v. Evans*, 120 Ariz. 158, 584 P.2d 1149 (1978). We will not disturb his ruling unless there is an abuse of discretion. We find no abuse of discretion in this instance.

The record clearly reflects the defendant's guilt of the charges of possession and transportation of marijuana. The defendant readily admitted upon questioning by his own counsel that he both possessed

marijuana and transported it in the trunk of his car. The evidence being overwhelming in support of his guilt, we affirm appellant's conviction and sentence on the charges of possession and transportation of marijuana.

The most critical issue present in this appeal is the instruction to the jury on the permissible use of a prior conviction.

Appellant testified in his own defense. Upon questioning by his counsel, he admitted to currently being on parole as a result of a conviction for attempted robbery, a felony. Upon cross-examination, for impeachment purposes only, the appellant again confirmed the fact that he had been convicted of a felony.

Subsequently, the appellant requested that the following instruction be submitted to the jury:

"The fact that a witness had been convicted of a felony, if such be a fact, may be considered by you *for only one purpose*, namely, in judging the credibility of that witness. The fact of such a conviction does not necessarily destroy or impair the witness' credibility, and it does not raise a presumption that the witness has testified falsely. It is simply one of the circumstances that you are to take into consideration in weighing the testimony of such a witness." (Emphasis supplied).

The trial court refused appellant's requested instruction and over the objection of counsel gave R.A.J.I. Standard Instruction 5A:

"If a witness has been convicted of a felony, that conviction does not necessarily mean that you cannot believe his testimony. A witness' conviction of a felony is one of the circumstances you should consider in determing [*sic*] whether to believe that witness."

We have determined that the defendant in a criminal case has a right to instructions regarding the limited use to be made of prior convictions. *State v. Canedo*, 125 Ariz. 197, 608 P.2d 774 (1980); *State v. Finley*, 85 Ariz. 327, 338 P.2d 790 (1959).

Although not identical to the instruction in *State v. Canedo, supra,* the meaning and effect of the offered instruction was designed to convey the same meaning. The specific language at issue being: "[T]he fact that a witness had been convicted of a felony . . . may be considered by you *for only one purpose,* namely, in adjudging the credibility of that witness."

The instruction given by the trial court does not cover the point raised by the defendant. He was entitled to have his requested instruction given, which advised the jury that the only purpose for which a prior felony conviction could be considered was in judging credibility. Failure to give the limiting instruction was error.

In the instant case, a number of charges were presented against the defendant. The evidence of guilt of possession and transportation of marijuana is overwhelming; therefore, the error in the instruction was harmless. *State v. Canedo, supra.* This is not true of the other charges. There was conflicting testimony and we cannot say that the evidence of guilt is overwhelming. We reverse the appellant's conviction on the other charges.

The judgment of conviction and sentence on Counts II and III of the indictment charging possession and transportation of marijuana are affirmed. The convictions on the remaining counts are reversed. The case is remanded to the superior court for further proceedings not inconsistent with this opinion.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.