## State of Vermont v. Brian Dodge

[567 A.2d 1143]

No. 88-254

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed September 15, 1989

504

*Mark T. Cameron*, Windsor County Deputy State's Attorney, White River Junction, for Plaintiff-Appellee.

*John A. Rocray*, Brattleboro, for Defendant-Appellant.

**Morse, J.** Defendant appeals his conviction following a jury trial for careless and negligent operation of a motor vehicle, death resulting, in violation of 23 V.S.A. § 1091(a) and (c).* He raises three issues relating to the standard of care, the victim's failure to use a seatbelt, and the sufficiency of the information. We affirm.

On July 19, 1986, on Route 12 in Pomfret, Vermont, defendant's automobile collided nearly head-on with a truck operated by Harold Corlett, who died as a result of the accident. The jury found that the collision occurred in Corlett's lane of travel on a curve. An accident reconstructionist opined that defendant was travelling too fast around the curve (63 mph in a 50 mph zone) and lost control of the vehicle.

---

* The statute provides in part:

    (a) No person shall operate a motor vehicle on a public highway in a careless or negligent manner . . . .

  . . . .

    (c) A person who, while engaged in the violation of any law, ordinance or regulation applying to the operation or use of a motor vehicle or to the regulation of traffic, causes, as a result of the violation, the death of any person shall be fined not more than $3,000.00, or imprisoned not less than one year nor more than 15 years, or both. The provisions of this section do not limit or restrict prosecutions for manslaughter.

■ Acknowledging that he failed to preserve the issue for appeal, defendant first urges us to conclude that it was plain error for the court not to charge the jury that criminal—as opposed to civil—negligence was required to convict. In *State v. LaBonte*, 120 Vt. 465, 468, 144 A.2d 792, 794 (1958), the Court construed the words of 23 V.S.A. § 1091 as requiring proof of only "ordinary negligence such as would impose civil liability." We decline to find plain error. See *State v. Roy*, 151 Vt. 17, 22–24, 557 A.2d 884, 888–89 (1989).

Second, defendant claims the court's jury instructions on the doctrine of intervening cause were inadequate. The judge explained to the jury that they must acquit the defendant if an intervening cause ("a new and independent force") broke the causal link between defendant's negligence and Corlett's death. The judge, however, declined specifically to instruct that Corlett's failure to fasten his safety belt might be an intervening cause, although this was argued to the jury by defense counsel.

In civil cases, some courts have considered the failure to wear a seat belt as evidence of contributory or comparative negligence, see *Bentzler v. Braun*, 34 Wis. 2d 362, 385–88, 149 N.W.2d 626, 639–41 (1967), or as a mitigating factor in determining the victim's damages, see *Spier v. Barker*, 35 N.Y.2d 444, 449–50, 323 N.E.2d 164, 167, 363 N.Y.S.2d 916, 920 (1974); *Smith v. Goodyear Tire & Rubber Co.*, 600 F. Supp. 1561, 1563–64 (D. Vt. 1985).

Even though a driver's failure to wear available seat belts may be a breach of the duty to exercise ordinary care, however, "where defendant's unlawful act is established in the chain of direct legal causation he is criminally responsible for the course of events which naturally follow from that act, unless the act of [the other driver] 'break[s] the chain of causation of the original negligent actor.' " *State v. Yudichak*, 151 Vt. 400, 403, 561 A.2d 407, 409 (1989) (quoting *State v. Hollingsworth*, 77 N.C. App. 36, 39, 334 S.E.2d 463, 466 (1985)).

Mr. Corlett's failure to wear a seat belt may arguably be *a* proximate cause of his death but was not an event that can sensibly be described as an *intervening* cause of his injuries; it was, rather, a condition precedent—among many—to the acci-

dent, making him, under the facts of this case, more vulnerable to injury. We can imagine that in another case, the wearing of a seat belt might contribute to the death of a victim, but it hardly could be claimed that this circumstance would absolve the defendant as constituting an intervening cause.

█ So long as the defendant's negligence proximately caused the death of another, the crime has been committed, even if there are other factors which also are proximate causes of the death. As opposed to the civil context, in which compensating deserving victims is the aim, in the criminal context, it simply is not relevant that the victim was negligent, unless the defendant's conduct did not substantially contribute to the cause of death. See *Wren v. State*, 577 P.2d 235, 239 (Alaska 1978) (in negligent homicide prosecution, victim's failure to wear seat belt not relevant to defendant's culpable negligence, but jury must find defendant's conduct was proximate cause of death); *State v. Nester*, 336 S.E.2d 187, 189 (W. Va. 1985) (in prosecution for DUI death resulting, victim's failure to wear seat belt not an intervening cause); R. Perkins & R. Boyce, Criminal Law 785, 790 (3d ed. 1982) (contributory negligence on part of deceased has no application in criminal cases; "[i]f it was a substantial factor thereof, an act which is a direct cause of a socially harmful occurrence is always a proximate cause of such result.").

█ Third, defendant appears to argue that the State's information failed properly to charge an offense under 23 V.S.A. § 1091(c). We disagree. The information stated that on July 19, 1986, in Pomfret, Vermont, Brian A. Dodge

> Did, then and there, operate a motor vehicle on a public highway, to wit: Rt. 12, in a careless and negligent manner with the death of Harold Corlett resulting in violation of 23 VSA 1091(c). Penalty of not less than 1 year imprisonment or more than 15 years imprisonment nor more than $3000 fine or both.

It is "a plain, concise, and definite written statement of the essential facts constituting the offense charged," as required by

V.R.Cr.P. 7(b). See *State v. Roy*, 151 Vt. at 29, 557 A.2d at 891–92.

*Affirmed.*