863 P.2d 263

**STATE of Arizona, Respondent–Appellee,**

v.

**Thomas Gerald FREELAND, Petitioner–Appellant.**

**Nos. 1 CA–CR 89–1111, 1 CA–CR 89–1628PR.**

Court of Appeals of Arizona, Division 1, Department C.

May 27, 1993.

Review Denied Dec. 15, 1993.*

* Corcoran, J., of the Supreme Court, did not participate in the determination of this matter.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and R. Wayne Ford, Asst. Atty. Gen., Richard M. Romley, Maricopa County Atty. by H. Allen Gerhardt, Deputy County Atty., Phoenix, for respondent-appellee.

George M. Sterling, Phoenix, for petitioner-appellant.

## OPINION

FIDEL, Chief Judge.

In a collision caused by an intoxicated driver, the victim's injuries were enhanced because he was not wearing his seat belt. In this combined appeal and petition for review, we consider among other issues whether the victim's failure to wear a seat belt constitutes an intervening, superseding cause that relieves the intoxicated driver of criminal responsibility for the victim's enhanced injuries. We conclude that it does not.

### I

On March 28, 1987, while attending a baseball game, defendant drank at least five beers. After the game, while driving a car at the posted speed limit, defendant reached to the passenger side floor to retrieve a pack of cigarettes. As he did so, defendant permitted his car to drift to the right; then, over-correcting, he swerved leftward into oncoming traffic and collided head-on with another car.

The oncoming driver, not wearing a seat belt, was ejected in the collision and sustained multiple injuries including a broken neck, fractured pelvis, facial fractures, and eleven broken ribs. His injuries left him quadriplegic.

Defendant was indicted for aggravated assault, a class three felony; driving under the influence of intoxicating liquor ("DUI") while his driver's license was suspended, canceled, revoked, or refused, a class five felony; and driving with a blood alcohol content ("BAC") of .1% or more while his driver's license was suspended, canceled, revoked, or refused, a class five felony. The State alleged for purposes of sentence enhancement that all offenses were dangerous felonies (committed while using a dangerous instrumentality—an automobile), that they were committed while defendant was on probation, and that defendant had a prior felony conviction.

At trial, the treating doctor testified that a seat belt might have prevented some but not all of the victim's serious injuries. Over defendant's objection, the State requested and the court gave the following jury instructions:

1. Contributory negligence on the part of the victim is not a defense in this case.

2. Arizona law does not require that seat belts be used by adults.

Defendant was convicted on all counts. For aggravated assault, a dangerous offense, the trial court gave defendant the statutorily mandated sentence of life imprisonment without possibility of release for twenty-five years.[1] For the offenses of DUI and driving with an elevated BAC, defendant was ultimately sentenced to concurrent two-year prison terms.

---

1. Arizona Revised Statutes ("A.R.S.") section 13–604.02(A) (1989) mandates life imprisonment without eligibility for parole or pardon until the person has served twenty-five years, if the person uses a dangerous instrument to commit a felony while on probation for another felony. The State alleged prior to trial under A.R.S. section 13–604 (1989) that the aggravated assault was committed with a dangerous instrument, an automobile, and the jury so found. At sentencing, the trial judge took judicial notice that defendant committed the offense while on probation for another felony. We discuss in a later section of this opinion whether the trial judge erred by making this finding by judicial notice.

Upon the jury's finding that all three offenses were dangerous, the trial judge had initially given defendant concurrent life sentences on each of the three counts. After defendant was first sentenced, however, our supreme court decided that automobiles cannot be characterized as dangerous instruments for sentence enhancement purposes in prosecutions for DUI or elevated BAC. *State v. Orduno*, 159 Ariz. 564, 566–67, 769 P.2d 1010, 1012–13 (1989). After reviewing this holding in a post-conviction relief proceeding, the trial judge modified defendant's sentences on the DUI and BAC counts to concurrent two-year terms.

At the resentencing hearing on the DUI and BAC counts, defendant presented testimony by Dr. Thomas Taber, Jr., an orthopedic surgeon, that the victim probably would have escaped serious injury if he had worn his seat belt. Defendant then moved for a new trial so that he could argue a "seat belt defense" to the charge of aggravated assault. The court denied defendant's motion for a new trial and denied his various claims for post-conviction relief other than the sentence reductions previously described. The court also denied defendant's oral motion for rehearing, and defendant filed a timely appeal and petition for review.

We first take up the seat belt issue and then discuss 1) whether the trial court erred in taking judicial notice of the defendant's probationary status for purposes of sentence enhancement; 2) whether the trial court erred in refusing to suppress the results of a blood test; 3) whether the trial court erred in denying defendant's motion for judgment of acquittal on the BAC and DUI counts; and 4) whether the trial court erred by summarily dismissing defendant's claims of ineffective assistance of counsel.

## II

■ One commits aggravated assault who intentionally, knowingly, or recklessly causes serious physical injury to another. A.R.S. §§ 13–1204(A)(1), 13–1203 (1989). This case was prosecuted on the theory that defendant, by driving while intoxicated and causing a collision, recklessly caused serious injury to his victim.

Defendant argues that the jury, if properly instructed, might have found that he did not cause *serious* physical injury, but instead that the victim's failure to wear a seat belt was an intervening, superseding cause of the severity of his injuries. Citing *Law v. Superior Court*, 157 Ariz. 147, 755 P.2d 1135 (1988), defendant argues that the jury should have been permitted to consider whether the victim's failure to use a seat belt reduced the charged crime of aggravated assault, a class three felony, to simple assault, a misdemeanor. We disagree.

■ We start with the proposition that the State must prove the defendant caused serious injury to the victim when, as here, serious injury is an element of the crime. Although a victim's contributory negligence is generally no defense to criminal prosecution, a victim's conduct might constitute an intervening, superseding cause that breaks the causal chain. *State v. Shumway*, 137 Ariz. 585, 588, 672 P.2d 929, 932 (1983). In *Shumway*, for example, the court reversed a conviction for negligent homicide, holding that the jury should have been instructed on a driver's duty to yield the right of way when making a left turn, as the victim's alleged negligence might have relieved defendant of criminal responsibility. *Id.; see also Buckles v. State*, 830 P.2d 702, 707 (Wyo.1992) (reversing in part for failure to admit evidence or instruct jury on defendant's theory that victim's cocaine-impaired driving rather than defendant's alcohol-impaired driving caused the death); *State v. Woodman*, 12 Kan.App.2d 110, 735 P.2d 1102, 1107 (1987) (reversing in part for failure to instruct jury on intervening cause in support of defendant's theory that victim's running a red light, not defendant's DUI, caused death); *Williams v. State*, 554 P.2d 842, 847 (Okla.Ct.App. 1976) (reversing for failure to instruct jury on intervening cause to support defendant's theory that bicyclist's weaving in center of lane, rather than defendant's negligence, caused death).

■ To be a superseding cause, however, intervening conduct must be unforeseeable.

> The policy of the law on questions of intervening and superseding cause has evolved to the rule that the original actor is relieved from liability for the final result when, and only when, an intervening act of another was unforeseeable by a reasonable person in the position of the original actor *and* when, looking backward, after the event, the intervening act appears extraordinary.

*Ontiveros v. Borak,* 136 Ariz. 500, 506, 667 P.2d 200, 206 (1983). In this case, that requirement is not met. One who drinks and drives should reasonably foresee that some among the potential victims of drunken driving will not wear seat belts and that such victims, among others, might be seriously injured in an alcohol-induced collision.

*Law v. Superior Court* is not inconsistent. In permitting civil juries to consider a plaintiff's failure to wear a seat belt when apportioning damages, the *Law* court cautioned that "nonuse of a seat belt is an issue bearing upon the extent of damages that may be recovered and not on any other issue." *Id.* 157 Ariz. at 157, 755 P.2d at 1145. The reason lies in the distinction between *causal* and *compensatory* responsibility. A plaintiff's nonuse of a seat belt is not treated as an act of *superseding* negligence that relieves a defendant of causal responsibility, but merely as an act of *contributory* negligence that may, if the jury chooses, relieve a defendant of some portion of the compensatory responsibility

for the total damages that defendant has helped to cause. *Id.*

In summary, just as the victim's failure to wear a seat belt does not supersede the defendant's causal responsibility for the victim's enhanced injuries in tort law, it does not supersede the defendant's causal responsibility in criminal law.[2] We therefore find no error in the trial court's instructions on the subject of seat belt usage[3] or in its denial of defendant's motion for new trial.

### III

■ Our holding does not foreclose a trial judge with sentencing discretion from considering in mitigation that a victim's injuries would have been less severe, had the victim worn a seat belt or otherwise acted with reasonable care. *See* A.R.S. § 13–702(E) (1992); *cf. State v. Currie,* 150 Ariz. 59, 60, 721 P.2d 1186, 1187 (App.1986) (serious nature of victim's injury properly used as aggravating factor in sentencing). In this case, however, as previously noted, the trial judge lacked sentencing discretion. He was statutorily obliged, on the pertinent charge of aggravated assault, to sentence defendant to life imprisonment without possibility of release before serving twenty-five years.

■ One element in this mandatory sentence was defendant's probationary status at the time of the crime. *See* A.R.S. § 13–604.02 (1989). Defendant argues on appeal that this element was improperly established at trial. After the jury was excused, instead of requiring proof of probationary

---

**2.** Courts in other jurisdictions that have considered this issue have also concluded that a victim's failure to wear a seat belt does not constitute a superseding cause. *See State v. Dodge,* 152 Vt. 503, 567 A.2d 1143, 1144 (1989) (victim's failure to wear seat belt not superseding cause for purposes of prosecution in negligent operation of motor vehicle); *State v. Nester,* 175 W.Va. 539, 541–42, 336 S.E.2d 187, 189 (1985) (victim's nonuse of seat belt not superseding cause of death to reduce liability in DUI case); *State v. Turk,* 154 Wis.2d 294, 453 N.W.2d 163, 164 (Ct.App.1990) (victim's failure to wear seat belt not superseding cause in DUI case where victim suffered great bodily harm); *Panther v. State,* 780 P.2d 386, 395 (Alaska Ct.App.1989)

(failure of victim to wear seat belt not superseding cause of death in criminal negligence case); *People v. Clark,* 171 Mich.App. 656, 431 N.W.2d 88, 90 (1988) (victim's failure to wear seat belt not superseding cause to absolve defendant from liability for negligent homicide). *See generally* Rollin M. Perkins and Ronald N. Boyce, *Criminal Law,* 785–92 (3d ed. 1982).

**3.** The instruction that Arizona law does not require adults to wear seat belts was correct when given, but Arizona law now mandates seat belt use for front-seat occupants of motor vehicles. A.R.S. § 28–909' (Supp.1992) (effective Jan. 1, 1991).

status, the trial judge stated that he had been the sentencing judge for defendant's probation violation proceeding, and he took judicial notice that defendant was on probation at the time of his crime. Defense counsel did not object. The defendant now argues on appeal that this was error, relying on *State v. Lee*, 114 Ariz. 101, 105, 559 P.2d 657, 661 (1976) (holding that the proper procedure to prove prior convictions is to offer a certified copy of the conviction), and *State v. Hurley*, 154 Ariz. 124, 132, 741 P.2d 257, 265 (1987) (holding that release status must be proven by clear and convincing evidence through reliable documentary evidence).

We need not engage in fundamental error analysis on this point, because a decision after *Hurley* establishes that there was no error at all. In *State v. Rushing*, 156 Ariz. 1, 4, 749 P.2d 910, 913 (1988), our supreme court held that the trial court may take judicial notice of its own files to find probationary status. The court reconciled this holding with *Hurley* by explaining that the court's own records constitute reliable documentary evidence. *Rushing*, 156 Ariz. at 4 n. 1, 749 P.2d at 913 n. 1. We find that the trial court did not err by taking judicial notice on the question of probation.

Defendant made one further attack on his mandatory sentence in his petition for post-conviction relief, arguing that it amounted to cruel and unusual punishment, violating the Eighth Amendment. The trial court ruled, however, that defendant was precluded from arguing this issue in post-conviction relief proceedings as he could raise it on direct appeal. Defendant did not include the issue in his appellate briefs, which he filed *after* the post-conviction relief proceedings. Accordingly, we find that he has abandoned the issue of cruel and unusual punishment, and we do not address it on the merits.

## IV

Defendant argues for the first time on appeal that the court should have suppressed blood test results that established his degree of intoxication because the test was administered by medical personnel while defendant was involuntarily hospitalized after the collision. Because defendant did not make this argument in the trial court,[4] it is waived, absent fundamental error. *See State v. Henley*, 141 Ariz. 465, 468, 687 P.2d 1220, 1223 (1984).

Only "overriding considerations concerning the integrity of the system will excuse a party's failure to raise the issue in the trial court." *State v. Gendron*, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991). Fundamental error is "of such dimensions that it cannot be said it is possible for a defendant to have had a fair trial." *Id.* (quoting *State v. Smith*, 114 Ariz. 415, 420, 561 P.2d 739, 744 (1977)). We cannot find error of these dimensions in the trial court's admission of the blood test without considering the unraised question of defendant's involuntary hospital admission; thus, we find no fundamental error.

## V

The defendant argues that the court should have granted a motion for judgment of acquittal on the BAC and DUI counts because the State failed to provide substantial evidence that the defendant had actual notice that his driver's license had been suspended at the time he committed these offenses.

Under Rule 20, Arizona Rules of Criminal Procedure, a judgment of acquittal should be entered if there is "no substantial evidence to warrant a conviction." *State v. Mathers*, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990). Substantial evidence is "such proof that 'reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's

---

4. In the trial court, defendant moved to suppress the blood test results because of an alleged violation of A.R.S. section 28–692(M) (1989) and the requirements set forth in *State v. Cocio*, 147 Ariz. 277, 709 P.2d 1336 (1985). The primary issue presented at the hearing on the motion to suppress was whether the blood sample was taken for "medical" or "legal" purposes. The court found that the blood sample was taken for medical purposes and denied the motion.

guilt beyond a reasonable doubt.'" *Id.* (quoting *State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980)).

▮ A.R.S. section 28–692.02 authorizes enhanced punishment for driving while intoxicated while a person's license is suspended, canceled, revoked, or refused. To prove a violation, the State must prove a culpable mental state: that the driver either knew or should have known that his license was suspended, canceled, revoked, or refused. *State v. Williams*, 144 Ariz. 487, 489, 698 P.2d 732, 734 (1985); *State v. Johnson*, 152 Ariz. 273, 275, 731 P.2d 638, 640 (App.1987).

▮ The State first argues that under A.R.S. section 28–210(B) (1989), the court must presume the defendant had actual notice of suspension. That statute creates a presumption of actual notice if there is evidence that the Motor Vehicle Division notified the driver by registered mail at the last known address. A driver's last known address is either the address shown on a driver's license application, the address reflected in the Motor Vehicle Division records, or the address on a subsequent written notification of change of address. In this case, the evidence did not establish that the Motor Vehicle Division notified defendant at his last known address.

A certified copy of the notice of suspension mailed to defendant at 2060 *West* Center, Mesa, Arizona, was admitted into evidence at trial. But the proper address was 2060 *North* Center. Moreover, the State failed to present evidence that the Department of Motor Vehicles sent the notice by registered mail, as the statute requires. We conclude that the presumption of actual notice under section 28–210(B) does not apply. *See State v. Rufenacht*, 157 Ariz. 10, 754 P.2d 339 (App.1988) (statute by its terms does not apply presumption to notice that has been returned "unclaimed").

▮ The question remains whether the record contains substantial evidence that the defendant should have known that his license was suspended. Such proof suffices to support conviction. *Williams*, 144 Ariz. at 489, 698 P.2d at 734.

In January 1986, defendant received two criminal citations and one civil traffic citation. He appeared in court and was fined. He also signed a form setting forth the amounts owed and the due dates. The form provided:

> Payments received will be applied to the civil traffic offense last. If the sanction is not paid as ordered, the entire sanction will be due and your driver's license will be suspended until the civil sanction is paid.

Because defendant failed to pay the fines on time, he reappeared in court in March and June 1986. Each time the court reset a payment schedule, and each time defendant signed the form that warned that his driver's license would be suspended if he did not pay. Defendant made no payments at all.

In July 1986, the City of Mesa notified the Department of Motor Vehicles of nonpayment. The Department of Motor Vehicles sent its notice of suspension on August 18, 1986. On November 29, 1986, as a result of a bench warrant and arrest, defendant paid $150.00 of the total amount due. At that time, he again signed the form with warning language and was given until January 30, 1987, to pay the balance due. The remainder of the fine remained unpaid on March 28, 1987, when defendant committed the present crimes.

Defendant did not dispute these facts, but said he never read the forms. He also admitted that his license was invalid because it had expired in July of 1986. Although defendant testified that he did not try to renew it because he did not think he had to do so, the State argued, and the jury could have found, that he did not seek to renew it because he knew or suspected that his license was suspended.

Viewing the evidence, as we must, in the light most favorable to the verdict, we find that these facts permitted the jury to conclude that defendant either knew or should have known that his license was suspended at the time of these crimes. The trial court did not err in denying defendant's Rule 20 motion.

## VI

In his petition for review from denial of post-conviction relief, defendant argues that the trial court erred by summarily dismissing various claims of ineffective assistance of trial counsel. Citing *State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989), defendant argues that the trial court was obliged to grant an evidentiary hearing on these claims.

■■■ Defendant misreads *Carver*. The supreme court commented that ineffective assistance claims should be presented by petition for post-conviction relief rather than direct appeal so that an evidentiary hearing, if warranted, may be held. *Id.* An evidentiary hearing is not warranted, however, unless defendant asserts a "colorable claim." *State v. Watton*, 164 Ariz. 323, 328, 793 P.2d 80, 85 (1990); *State v. Lemieux*, 137 Ariz. 143, 147, 669 P.2d 121, 125 (App.1983); 17 A.R.S. Rules of Crim.P., Rule 32.6(c). To assert a colorable claim, a defendant must show both that counsel's performance was deficient and that it prejudiced the outcome of the trial. *State v. Fulminante*, 161 Ariz. 237, 260, 778 P.2d 602, 625 (1989). Here the trial court found neither deficient performance nor prejudice. After reviewing defendant's allegations in light of the record, we do not find that the trial court erred.

■■■ Many of the alleged errors of counsel amount to a strategic effort to cope with overwhelming evidence of defendant's intoxication. For example, counsel conceded defendant's intoxication in his opening statement and withheld objection to testimony concerning defendant's history of alcohol abuse; but counsel contested impairment by eliciting expert testimony that alcohol tolerance grows with use and by eliciting defendant's testimony that he did not feel affected when driving, despite the five or six beers he admittedly drank at the game. Similarly, by stating in his opening statement that defendant should be convicted of DUI but not DUI with a suspended license, counsel attempted to avoid conviction on greater charges by acquiescing to conviction on lesser charges. Though ultimately unsuccessful, these appear to have been reasonable strategic choices given the evidence in this case.

■■■ Defendant complains that counsel did not seek a sufficiently limiting instruction concerning the evidentiary significance of his admitted prior felony. The trial court instructed the jury:

> If a witness has been convicted of a felony, that conviction does not necessarily mean that you cannot believe his testimony. A witness' conviction of a felony is one of the circumstances you should consider in determining whether to believe that witness.

Defendant argues that counsel should have requested the further instruction that the jury could consider the evidence *only* for that purpose. *See State v. Carbajal*, 128 Ariz. 306, 308–09, 625 P.2d 895, 897–98 (1981) (the trial court erred by refusing to instruct that a prior conviction could be considered *"for only* [the] *one purpose"* of judging credibility).

The instruction that the trial court gave was Standard Criminal Instruction 5a from the 1974 version of the Recommended Arizona Jury Instructions (RAJIs). The same instruction, redesignated "Standard Criminal 20," was perpetuated in the 1989 edition of the RAJIs with minor revisions.[5] The 1989 RAJI Committee cited *Carbajal* as authority for Standard Criminal 20 without explaining why it did not include *Carbajal*'s more restrictive language. The point is academic, however, in this case, as we find that it was neither deficient advocacy nor prejudicial for trial counsel to accept the RAJI instruction without requesting more.

■■■ We likewise find no prejudice in the other omissions now raised by the defendant. It is not clear, in the absence of

---

5. RAJI Standard Criminal 20 provides: "If a witness has been convicted of a felony, that conviction does not necessarily mean that you must disbelieve that person's testimony. A witness' conviction of a felony is one of the circumstances you may consider in weighing that testimony."

an evidentiary hearing, whether counsel had a reasonable strategic basis for withholding objection when the prosecutor offered defendant's threadbare tire into evidence, elicited on cross-examination that defendant was driving without insurance, and referred to both matters in argument as indicative of defendant's generally reckless disregard for the safety of other drivers. Had there been a timely objection on these matters, we will assume that they would have been excluded as insufficiently probative to overcome the risk of unfair prejudice. *See* 17A A.R.S. Rules of Evid., Rule 403.

■ Yet, as the trial court specifically observed, even if counsel had acted otherwise, the trial would have come to the same end. Defendant admitted drinking at least five or six beers. His BAC was .20. Ballpark observers testified that he was in a highly drunken state before he left the game, and the testimony of witnesses to the accident and its aftermath was consistent. This and other evidence amounted to an overwhelming case of guilt. The court need not determine the reasonableness of counsel's conduct if it finds no prejudice. *State v. Amaya–Ruiz*, 166 Ariz. 152, 180, 800 P.2d 1260, 1288 (1990). Accordingly, because defendant did not make a colorable claim of prejudice, we conclude that the trial court acted within its discretion in summarily dismissing defendant's ineffective assistance claims.

Pursuant to A.R.S. section 13–4035 (1989), we have searched the record for fundamental error and found none. For the reasons set forth above, we affirm the trial court's judgment of guilt and amended sentences and, upon review of post-conviction relief proceedings, deny relief.

EHRLICH, P.J., and GRANT, J., concur.