NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee,*

*v.*

ELIAS RAMIREZ CRUZ,
*Appellant.*

No. 1 CA-CR 15-0035
FILED 11-17-2015

Appeal from the Superior Court in Maricopa County
No. 2014-126667-001
The Honorable Charles Donofrio, III, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Michael J. Dew, Phoenix
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Maurice Portley joined.

---

**O R O Z C O**, Judge:

**¶1**　　　　Elias Ramirez Cruz (Defendant) appeals his convictions and the resulting sentences for two counts of aggravated driving under the influence, both class four felonies. Pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), Defendant's counsel has filed a brief indicating he searched the entire record, found no arguable question of law, and asked this court to review the record for fundamental error. Defendant was given the opportunity to file a supplemental brief in propria persona, and he has done so. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**　　　　On June 3, 2014, T.H. was inside his house when he heard a vehicle skid followed by a "big crash." T.H. ran outside and when he arrived at the scene of the accident a few seconds later, he observed that a truck had rolled over with Defendant pinned underneath. Defendant crawled out from under the truck and began to walk down the street with T.H. following him. When T.H. asked Defendant if he was all right, Defendant replied that he was fine, and told T.H. to "get away from me."

**¶3**　　　　T.H. waved down a police officer and pointed towards Defendant, who by then had hidden behind a nearby apartment gate code call box. Defendant was wearing only one shoe when the officer found him. Soon thereafter, officers discovered Defendant's missing shoe pinned between the truck's emergency brake arm and the brake pedal, and only the driver-side airbag had deployed. Officers did not find any evidence indicating that anyone else was in the truck.

**¶4**　　　　Later that night at the hospital, Phoenix Police Officer J. Tobey observed Defendant vomit and noticed that it smelled strongly of beer. Officer Tobey also observed Defendant to have bloodshot, watery eyes and an abrasion on Defendant's left shoulder, which he testified was consistent with a "top left to bottom right" seatbelt.

**¶5** Defendant was charged with two counts of aggravated driving. Count one alleged aggravated driving while under the influence of an intoxicating liquor or drug. Count two alleged aggravated driving while with a drug and/or drug metabolite in Defendant's body.[1]

**¶6** At trial, the parties stipulated that at the time of the accident, Defendant's blood alcohol content was .028 percent and Defendant had methamphetamine and amphetamine in his blood. The parties also stipulated that at the time of the accident, Defendant's license to drive was revoked and he knew or should have known that his license was revoked.

**¶7** The jury found Defendant guilty of both counts of aggravated driving and he was sentenced to 4.5 years' incarceration for each count, to run concurrently. Defendant timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1, 13-4031, and -4033.A.1. (West 2015).[2] Finding no reversible error, we affirm.

## DISCUSSION

**¶8** We review the sufficiency of evidence "in the light most favorable to sustaining the conviction." *State v. Tison*, 129 Ariz. 546, 552 (1981). All reasonable inferences are resolved against the defendant. *Id.* A reversal of a conviction based on insufficiency of evidence requires a clear showing that there is not sufficient evidence to support the jury's conclusion under any hypothesis whatsoever. *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004) (noting that it is the jury's function, not the court of appeals, to weigh the evidence and to determine credibility).

**¶9** Under A.R.S. § 28-1381.A.1:

> It is unlawful for a person to drive or be in actual physical control of a vehicle in this state . . . [w]hile under the influence of intoxicating liquor, any drug, a vapor releasing substance containing a toxic substance or any combination of liquor, drugs or vapor releasing substances if the person is impaired to the slightest degree.

---

[1] In addition, Defendant was charged with one count of leaving the scene of an accident, which the State dismissed at trial.

[2] We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

¶10        Under A.R.S. § 28-1383.A.1:

> A person is guilty of aggravated driving or actual physical
> control while under the influence of intoxicating liquor or
> drugs if the person . . . [c]ommits a violation of § 28-1381 . . .
> while the person's driver license or privilege to drive is
> suspended, canceled, revoked or refused or while a restriction
> is placed on the person's driver license or privilege to drive as
> a result of violating [A.R.S.] § 28-1381.

¶11        The State must also prove that "the driver either knew or
should have known that his license was suspended, canceled, revoked or
refused." *State v. Freeland*, 176 Ariz. 544, 550 (App. 1993). "Aggravated
driving or actual physical control while under the influence of intoxicating
liquor or drugs committed under . . . [A.R.S. § 28-1381.A.1] . . . is a class 4
felony." A.R.S. § 28-1383.L.1.

¶12        Based on the parties' stipulations and the evidence
presented at trial, the state presented sufficient evidence to support the
jury's verdicts.

¶13        At the sentencing hearing, Defendant admitted to a prior
conviction in 2005 for aggravated driving under the influence, a class four
felony. Because of this prior felony, Defendant was a category two
repetitive offender under A.R.S. § 13-703.B, with one aggravating
circumstance under A.R.S. § 13-701.D.11.[3] Therefore, pursuant to A.R.S.
§ 13-703.I, Defendant's presumptive sentence was four and a half years'
imprisonment. The trial court properly considered Defendant's prior
conviction and sentenced Defendant to the presumptive term of four and a
half years for each count. *See* Ariz. R. Crim. P. 26.13. The trial court also
credited Defendant for 226 days of presentence incarceration. Because the
trial court properly calculated Defendant's sentence and credited him the
correct number of days, the sentence was legal.

¶14        In his pro per supplemental brief, Defendant argued that
"[d]efense counsel ineffectively represented [Defendant] in not
investigating or checking facts and evidence." We will not consider claims
of ineffective assistance of counsel on direct appeal regardless of merit.
*State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007); *State v. Spreitz*,

---

[3]        Defendant's prior historical felony conviction occurred within the
ten years immediately preceding the date of this offense.

202 Ariz. 1, 3, ¶ 9 (2002).  Such claims must be first presented to the trial court in a petition for post-conviction relief.  *Rayes*, 214 Ariz. at 415, ¶ 20.

**CONCLUSION**

**¶15** We have read and considered counsel's brief.  We have carefully searched the entire appellate record for reversible error and have found none.  *See State v. Clark*, 196 Ariz. 530, 541, ¶ 49 (App. 1999).  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  We find substantial evidence supported the jury's guilty verdicts.  Defendant was represented by counsel at all critical stages of the proceedings.  At sentencing, Defendant and his counsel were given an opportunity to speak, and the court imposed a legal sentence.  For the foregoing reasons, Defendant's convictions and the sentences imposed are affirmed.

**¶16** Counsel's obligations pertaining to Defendant's representation in this appeal have ended.  *See State v. Shattuck*, 140 Ariz. 582, 584 (1984).  Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless Counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See id*. at 585.  Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an in propria persona motion for reconsideration or petition for review.

**¶17** For the foregoing reasons, Defendant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama