NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

VICTOR CEPEDA, *Appellant.*

No. 1 CA-CR 19-0048
FILED 2-25-2020

Appeal from the Superior Court in Maricopa County
No. CR2016-137296-001
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jennifer L. Holder
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Paul J. McMurdie joined.

**T H U M M A,** Judge:

**¶1**　　　　Defendant Victor Cepeda challenges evidentiary rulings and jury instructions leading to his convictions for manslaughter and aggravated assault. Because he has shown no error, his convictions and resulting sentences are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**　　　　At about 8:00 p.m. one day in August 2016, Cepeda was driving north in west Phoenix, with a passenger in his truck. Cepeda was speeding, driving more than 100 miles per hour in a 40 mile per hour residential zone. As he approached an intersection, a car traveling south driven by O.M. made a left turn from a dedicated left-turn lane, crossing Cepeda's path. Cepeda hit that car, killing the driver. Cepeda's passenger suffered a broken hand and other injuries.

**¶3**　　　　The State charged Cepeda with manslaughter, a Class 2 dangerous felony, and aggravated assault, a Class 3 dangerous felony. After a nine-day trial, a jury found Cepeda guilty as charged. The court sentenced him to concurrent prison terms, the longest of which was for 10.5 years. This court has jurisdiction over Cepeda's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1)(2020).[2]

---

[1] This court views the facts in the light most favorable to sustaining the verdict. *See State v. Payne*, 233 Ariz. 484, 509 ¶ 93 (2013).

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

I.   **The Court Properly Denied Cepeda's Request for a Superseding, Intervening Cause Jury Instruction and Properly Precluded Evidence that O.M. Was Not Wearing a Seat Belt.**

¶4          Cepeda argues the court erred in granting the State's motion in limine to preclude him from presenting evidence or argument that O.M. was not wearing a seat belt and in denying his request for a superseding, intervening cause jury instruction. As applicable here, this court reviews the superior court's rulings for an abuse of discretion, reviewing de novo whether a requested jury instruction correctly states the law. *See, e.g.*, *State v. Zaragoza*, 221 Ariz. 49, 53, ¶ 15 (2009); *State v. Ellison*, 213 Ariz. 116, 129 ¶ 42 (2006); *State v. Johnson*, 212 Ariz. 425, 431 ¶ 15 (2006). Although a defendant has a constitutional right to present a defense, that right is limited to the presenting matters admissible under the rules of evidence. *State v. Hardy*, 230 Ariz. 281, 291 ¶ 49 (2012).

¶5          "[A] victim's contributory negligence is generally no defense to criminal prosecution." *State v. Freeland*, 176 Ariz. 544, 547 (App. 1993). The exception to that general rule is where "a victim's conduct might constitute an intervening, superseding cause that breaks the causal chain." *Id.* (citation omitted). To be a superseding cause, however, the intervening conduct must be both unforeseeable and either abnormal or extraordinary. *State v. Bass*, 198 Ariz. 571, 576 ¶ 13 (2000).

¶6          On this record, the superior court properly could conclude that it was foreseeable that O.M., or someone like O.M., would not be wearing a seatbelt. Using the analysis in *Freeland* here, "[o]ne who . . . drives [more than 100 miles per hour in a 40 mile per hour zone] should reasonably foresee that some among the potential victims of [such] driving will not wear seat belts and that such victims, among others, might be seriously injured in [a resulting] collision." 176 Ariz. at 548. Moreover, "just as the victim's failure to wear a seat belt does not supersede the defendant's causal responsibility for the victim's enhanced injuries in tort law, it does not supersede the defendant's causal responsibility in criminal law." *Id.* Accordingly, Cepeda has not shown that the superior court erred in finding seat belt evidence inadmissible because a person's failure to wear a seat belt is neither unforeseeable nor extraordinary and thus not an "intervening cause."

¶7        Cepeda argues that laws mandating seat belt use, and usage statistics, make *Freeland* obsolete. Not so. First, A.R.S. § 28-909 mandates only that front-seat and young passengers wear seat belts, not all passengers. *See also Freeland*, 176 Ariz. at 548 n.3. Second, even the statistics offered by Cepeda show that one in nine occupants fail to wear seat belts. Accordingly, Cepeda has shown no cause to depart from *Freeland*.

¶8        Cepeda also argues O.M.'s failure to yield while making the left turn violated A.R.S. § 28-772 and caused the accident, not Cepeda's high rate of speed. Cepeda requested a superseding cause jury instruction based on O.M.'s failure to yield. The court denied the request, stating that a driver's failure to yield when making a left turn was not "so extraordinary, so unusual" that it could be an intervening event sufficient to "break the causal chain." The court, however, gave jury instructions regarding the duty to abide by civil traffic laws regarding left turns at intersections (A.R.S. § 28-772) and proper turning movements (A.R.S. § 28-754(A)). On this record, Cepeda has shown no error. *See State v. Axley*, 132 Ariz. 383, 392 (1982) ("[A]lthough all the legal theories represented in defendant's requested instructions were not given to the jury, the jury instructions actually given fairly represented the applicable law.").

¶9        The State's accident reconstructionist testified that Cepeda was driving 101 miles per hour approximately four seconds before the crash and 94 miles per hour after he attempted to brake. The reconstructionist further testified that Cepeda initially accelerated entering the intersection and that the collision would not have happened if Cepeda was traveling at 95 miles per hour or less. Cepeda's accident reconstructionist testified that O.M. undercut Cepeda as he was entering the intersection, trying to "beat the Dodge," and did not stop before making the turn. The State's reconstructionist conceded that O.M. had "cut the turn short" and put his vehicle in Cepeda's path, but further testified that O.M.'s turn did not cause the crash. This trial evidence supported the conclusion that O.M. would have safely completed the turn (and therefore did not fail to yield) if Cepeda had been driving at a reasonable rate of speed. [3]

---

[3] As suggested in various contexts, another driver's failure to yield while making a left turn from a dedicated left-turn lane at a green light is not sufficiently unforeseeable or extraordinary to constitute a superseding cause in a criminal case. *See, e.g.*, *Freeland*, 176 Ariz. at 548 (addressing victim's failure to wear a seatbelt); *State v. Slover*, 220 Ariz. 239, 244 ¶ 14 (App. 2009) (victim becoming unconscious and drowning after accident was not a superseding cause); *State v. Vandever*, 211 Ariz. 206, 208 ¶ 8 (App.

**¶10**　　　　Cepeda cites to civil cases -- primarily *Gipson v. Kasey*, 214 Ariz. 141 (2007) and *Dupray v. JAI Dining Services (Phoenix), Inc.*, 245 Ariz. 578 (App. 2018) -- arguing that criminal law concerning superseding, intervening cause should require the same type of jury instructions as in civil cases. But as noted in *Freeland*, the decisions the jury is asked to make in a civil case are quite different than those the jury was asked to make here. *See* 176 Ariz. at 548. Moreover, *Gipson* rejected foreseeability as a concept to determine duty in defining a common law negligence claim, not whether an intervening, superseding jury instruction was required in a criminal case. 214 Ariz. at 144-45 ¶¶ 14-17, 23. Similarly, *Dupray* addressed whether such an instruction was required in a civil dram shop case involving "independent decisions" by a patron after leaving a bar where he had been overserved but before crashing into plaintiff. 245 Ariz. at 585-86 ¶¶ 22-27. *Dupray* did not address, and has no application to, the facts presented in this case, given the direct relationship between Cepeda and O.M.

**¶11**　　　　The court properly instructed the jury on the applicable law. The instructions for the charges correctly identified all of the elements by tracking the statutes and explained that the State had to prove that Cepeda's reckless driving caused O.M.'s death. Jurors are presumed to follow the superior court's instructions. *State v. Prince*, 226 Ariz. 516, 537 ¶ 80 (2011) (citation omitted).

**¶12**　　　　For these same reasons, the superior court did not err in rejecting the admissibility of evidence of O.M. not wearing a seatbelt. For the first time on appeal, Cepeda now argues such evidence also was admissible to show Cepeda was not reckless. Because he did not timely object on this ground, the review on appeal is for fundamental error resulting in prejudice. *See State v. Escalante*, 245 Ariz. 135, 138 ¶ 1 (2018).[4]

---

2005) (addressing whether exceeding speed limit by more than ten miles per hour was superseding cause).

[4] Cepeda did argue to the superior court that, without evidence O.M. was not wearing a seatbelt, the jury would be misled to believe the collision was severe enough to eject O.M. from his vehicle despite wearing one. On appeal, he argues that the seatbelt evidence was relevant to negate the State's evidence that he was reckless. These are different arguments and, contrary to Cepeda's contention on appeal, the record does not show he argued at trial that the seatbelt evidence was admissible to negate recklessness.

¶13 "A person commits manslaughter by recklessly causing the death of another person." A.R.S. § 13-1103(A)(1). Recklessly means "with respect to a result or to a circumstance described by a statute defining an offense, that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists." A.R.S. § 13-105(10)(c). "The risk must be of such nature and degree that disregard of such risk constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." *Id*. The final jury instructions accurately included these statements.

¶14 Cepeda's argument on appeal that the seat belt evidence was nonetheless admissible to negate Cepeda's mental state also is unavailing. The record does not support his newfound argument that the court precluded such evidence based on the trial judge's professional experience or because of an improper analysis under Ariz. R. Evid. 403. Moreover, *Freeland* resolves the mental state argument Cepeda presses on appeal: because it cannot be a superseding cause, evidence regarding O.M.'s failure to wear a seat belt is not relevant to Cepeda's mental state while driving more than 100 miles per hour in a residential area with a 40 mile per hour speed limit. *See* 176 Ariz. at 548. The "substantial and unjustifiable risk" that Cepeda disregarded under A.R.S. § 13-105(10)(c) pertains to Cepeda's dangerous driving and the associated consequences of it, not whether O.M. was using a seatbelt.

¶15 Cepeda's contention that precluding the seatbelt evidence violated his due process rights lacks merit. Because the evidence was not relevant, the due process concerns he raises are not implicated. *See Hardy*, 230 Ariz. at 291 ¶ 49. Cepeda cross-examined the State's witnesses extensively on matters related to his mental state, and the cross-examination included discussion regarding O.M.'s failure to yield.

¶16 Finally, to the extent that Cepeda argues Arizona's Constitution provides him greater relevant rights than under the United States Constitution, his argument fails. This case does not present the question of whether a defendant facing a misdemeanor charge is entitled to a jury trial, where the Arizona Supreme Court repeatedly has "reason[ed] that the Arizona Constitution requires greater protection of the right to trial by jury than does the federal constitution." *Derendal v. Griffith*, 209 Ariz. 416, 419 ¶ 6 (2005) (citing cases). Nor has Cepeda shown he was denied the right to "a speedy public trial by an impartial jury." Ariz. Const., Art. 2, § 24. To the extent Cepeda relies on *Gipson* and *Dupray* and concepts applicable in civil cases, he fails to show how that analysis applies to this criminal case, let alone that the Arizona Constitution would mandate such application.

On this record, Cepeda has not shown that Arizona's Constitution provides him greater relevant rights than under the United States Constitution. Simply put, Cepeda has shown no error, let alone fundamental error resulting in prejudice.

## CONCLUSION

¶17        Cepeda's convictions and resulting sentences are affirmed.

